Filed 5/13/13  P. v. Animashaun CA2/8

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>RICHARD J. ANIMASHAUN,<br><br>    Defendant and Appellant. | B242996<br><br>(Los Angeles County<br>Super. Ct. No. BA355173) |

APPEAL from a judgment of the Superior Court of Los Angeles County, Monica Bachner, Judge.  Affirmed as modified.

Alex Coolman, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Assistant Attorney General, Lance E. Winters, Assistant Attorney General, and Paul M. Roadarmel, Jr., Deputy Attorney General, for Plaintiff and Respondent.

_____

Richard Animashaun pleaded guilty to making criminal threats and attempted first degree burglary, and admitted one prior strike conviction.  (Pen. Code, §§ 422; 664/459; and 667, subds. (b)-(i); 1170.12, subds. (a)-(d).)[1]  We direct the trial court to correct the minute order from the sentencing hearing and the abstract of judgment, to conform the terms of victim restitution to the court's orally pronounced terms.  As corrected, we affirm the judgment.

## FACTS

In May 2009, the People filed an information charging Animashaun with making criminal threats, attempted burglary, and vandalism causing damages of $400 or more.[2]  (§§ 422; 664/459; 594, subd. (a).)  The information further alleged that Animashaun had suffered two prior "strike" convictions which also qualified as prior serious felony convictions.[3]  (§§ 667, subds. (b)-(i); 1170.12, subds. (a)-(d); 667, subd. (a)(1).)  At a jury trial in late 2009, the evidence showed that Animashaun behaved badly after convincing himself that a tenant in a neighboring unit at their apartment building had called police on Animashaun.  In December 2009, a jury returned verdicts finding Animashaun guilty of the three charged offenses noted above.  The trial court sentenced Animashaun to a total aggregate sentence of nine years in the state prison.  We thereafter reversed the judgment, finding that jurors had engaged in inadvertent misconduct when they used a juror's laptop computer to listen to a CD audio recording of a 911 call which had been admitted at trial, and heard both the call which had been admitted at trial, as well as another 911 call which had not been admitted.  (*People v. Animashaun* (Oct. 28, 2011, B224530) [nonpub. opn.].)

---

[1]      All further section references are to the Penal Code.

[2]      The information included a count charging Animashaun with dissuading a witness. (§ 136.1, subd. (c)(1).)  That count was dismissed at trial and is not involved in the current appeal.

[3]      A conviction for criminal threats in 2007 and a conviction for robbery in 2007.

On remand, Animashaun pleaded guilty to making criminal threats and attempted first degree burglary, and admitted one prior strike conviction. (§§ 422; 664/459; 667, subds. (b)-(i); 1170.12, subds. (a)-(d).) The trial court sentenced Animashaun to a total aggregate term of six years in state prison. The vandalism count was dismissed with a waiver pursuant to *People v. Harvey* (1979) 25 Cal.3d 754.

## DISCUSSION

Animashaun contends, the People concede, and we agree that the trial court's minute order from the sentencing hearing, and the abstract of judgment, do not conform to the court's oral pronouncements at the sentencing hearing as to victim restitution.

The minute order and abstract of judgment refer to the *tenant* who was the victim of Animashaun's threats and attempted burglary. At the sentencing hearing, the trial court, the prosecutor and defense counsel had discussed restitution, and it had been generally agreed that the tenant had not suffered any monetary loss. Further, the court and the attorneys had agreed that the issue of restitution to the *landlord* who had been the victim of the vandalism count potentially remained an issue. The court stated that it would retain jurisdiction on the issue of restitution as to the landlord.

The minute order and abstract of judgment must conform to the trial court's orally pronounced terms regarding restitution. (*People v. Mitchell* (2001) 26 Cal.4th 181, 185-186.) For this reason, the minute order and abstract of judgment should not refer to the tenant in the context of victim restitution.

## DISPOSITON

The trial court is directed to correct its minute order from the sentencing hearing, and the abstract of judgment, to conform restitution to the court's pronounced terms as to victim restitution. As modified, the judgment is affirmed.

BIGELOW, P. J.

We concur:

RUBIN, J.     GRIMES, J.

3